# COURT OF APPEALS OF VIRGINIA

### Record No. 0994-25-4

ARITHUS DUSHAWN ANDERSON

v.

COMMONWEALTH OF VIRGINIA

Present: Judges O'Brien, Friedman and Frucci

Opinion Issued July 7, 2026[*]

### FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Stephen E. Sincavage, Judge

(Eric Weathers, Assistant Public Defender; Virginia Indigent Defense Commission, on briefs), for appellant.

(Jay Jones, Attorney General; Kimberly A. Hackbarth, Senior Assistant Attorney General, on brief), for appellee.

### MEMORANDUM OPINION BY
### JUDGE MARY GRACE O'BRIEN

A jury convicted Arithus Dushawn Anderson of felony eluding. On appeal, Anderson argues that the circuit court erred by excluding evidence, rejecting his proposed jury instructions, and finding the evidence sufficient to support the conviction. Finding no error, we affirm.[1]

BACKGROUND

"Consistent with the standard of review when a criminal appellant challenges the sufficiency of the evidence, we recite the evidence below 'in the "light most favorable" to the Commonwealth, the prevailing party in the trial court.'" *Hammer v. Commonwealth*, 74

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the appeal is wholly without merit." *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we discard any evidence that conflicts with the Commonwealth's evidence, and regard as true all the credible evidence favorable to the Commonwealth and all inferences that can be fairly drawn from that evidence. *Cady*, 300 Va. at 329.

While on patrol, Leesburg Police Detective Justin Roberts saw a car traveling at over 60 mph in an area where the posted speed limit was 35 mph. Roberts activated his emergency lights, and the other car, driven by Anderson, pulled into a gas station. Roberts told Anderson that he had been speeding and asked for Anderson's license and registration.

While Roberts was checking the license, Anderson sped away via a four-lane road that was bordered by sidewalks and businesses. Side streets intersect the road, and several cars merged on and off it via entrance and exit ramps. Roberts started pursuing Anderson. During the pursuit, Anderson's speed approached 80 mph, including in an area where the posted speed limit was 25 mph. Roberts told a police dispatcher that he was ending the pursuit, but he continued to follow Anderson. For several minutes, Anderson exceeded the posted speed limits by more than 30 mph and turned onto a road near a supermarket in a densely populated area. Pedestrians were walking on the sidewalk next to the road. Eventually, Roberts lost sight of Anderson's car and stopped following him. Anderson was later arrested for felony eluding.

Leesburg Police Department regulations require an officer's supervisor to meet with the officer to review pursuits. According to the regulations, an officer could continue following a vehicle once a pursuit ends, but if the officer disobeyed traffic laws, the officer would be personally liable for any consequences. Roberts met with a Leesburg Police Lieutenant to review his pursuit of Anderson. The lieutenant advised Roberts to drive with caution when following cars at high speeds. Roberts did not receive a written reprimand but felt he had gotten in trouble. Since the meeting, Roberts has been promoted to detective.

The Commonwealth moved *in limine* to prevent Anderson from cross-examining Roberts at trial if any administrative actions resulted from him continuing to follow Anderson because Roberts's compliance with departmental regulations was irrelevant and risked confusing the jury. Anderson argued that the evidence bore on Roberts's credibility because he could have had an incentive to exaggerate Anderson's driving behavior to justify following him and avoid punishment. The court granted the Commonwealth's motion, finding that Roberts's compliance with departmental procedures was irrelevant to the charge against Anderson and that any link between his compliance and credibility was significantly outweighed by prejudice to the Commonwealth and possible confusion for the jury.

At trial, Roberts testified that when Anderson drove away after the initial traffic stop, he was "spinning the wheels out," which caused a "squealing" sound, and during the pursuit, Anderson was weaving in and out of traffic. The Commonwealth also played dash camera footage from Roberts's car showing Anderson's evasion.

Anderson moved to strike, arguing that the Commonwealth had not shown that his driving endangered anyone because he had only sped. He contended that he had not otherwise driven recklessly, and he had not gotten into an accident. The court denied the motion. Anderson did not present evidence and unsuccessfully renewed his motion to strike.

The court gave several jury instructions, including Jury Instruction 8, which required the jury to make the following findings before it could convict Anderson:

> (1) That Mr. Anderson received a visible or audible signal from law-enforcement to bring his motor vehicle to a stop; and
>
> (2) [t]hat Mr. Anderson drove such motor vehicle in a willful and wanton disregard of such signal; and
>
> (3) [t]hat in doing so, Mr. Anderson interfered with or endangered the operation of the law-enforcement vehicle, or endangered a person.

Anderson requested two additional jury instructions. Proposed Instruction A stated, "One acting wantonly may be creating no greater risk of harm, but he is not trying to avoid it and is indifferent to whether harm results or not. Wanton conduct has properly been characterized as 'vicious' and rates extreme in the degree of culpability." Anderson argued that the instruction quoted *Bazemore v. Commonwealth*, 42 Va. App. 203 (2004). The court refused the instruction, finding that it could confuse the jury because "wanton" behavior related to the second element of the offense and "risk of harm" related to the third element.

Proposed Instruction B provided: "The intentional violation of a traffic law, without more, will not support a finding of willful and wanton conduct." Anderson argued that the instruction defined "willful and wanton conduct" and was also a direct quote from *Bazemore*. The court refused the instruction, finding that it did not correctly recite the law applicable to felony eluding because *Bazemore* actually described "willful and wanton negligence," not "conduct," quoting a civil case.

The jury convicted Anderson of felony eluding. The court sentenced him to three years' incarceration, with two years suspended. Anderson appeals.

ANALYSIS

I. The circuit court properly excluded evidence about
Roberts's compliance with departmental regulations.

Determining the "'admissibility of evidence is within the discretion of the trial court,' and an appellate court will not reject such decision absent an 'abuse of discretion.'" *Williams v. Commonwealth*, 71 Va. App. 462, 487 (2020) (quoting *Tirado v. Commonwealth*, 296 Va. 15, 26 (2018)). "When evaluating whether a trial court abused its discretion, the appellate court 'considers only whether the record fairly supports the trial court's actions.'" *Davis v. Commonwealth*, 73 Va. App. 500, 507 (2021) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)). "Only when reasonable jurists could not differ can [the appellate court] say an

- 4 -

abuse of discretion has occurred." *Bista v. Commonwealth*, 303 Va. 354, 370 (2024) (quoting *Commonwealth v. Swann*, 290 Va. 194, 197 (2015)).

Generally, "relevant evidence is admissible." Va. R. Evid. 2:402(a). But relevant evidence "may be excluded if . . . the probative value of the evidence is substantially outweighed by . . . its likelihood of confusing or misleading the trier of fact." Va. R. Evid. 2:403. A trial court may consider the evidence's tendency to "distract [a jury] to irrelevant considerations." *Lambert v. Commonwealth*, 70 Va. App. 740, 755 (2019) (quoting *Clay v. Commonwealth*, 33 Va. App. 96, 107 (2000) (en banc)).

Anderson argues that the court should have allowed him to question Roberts about his compliance with departmental regulations because it was relevant to show that Roberts had motivation to exaggerate Anderson's driving behavior. We disagree.

The regulations only made officers personally liable for the potential consequences of exceeding speed limits while following a vehicle after ending a pursuit. They did not forbid speeding. Further, a supervisor had already reviewed Roberts's actions. Roberts was not reprimanded. In fact, Roberts later received a promotion. Additionally, Roberts's dash cam footage bore witness to Anderson's driving as he fled. The jury watched the dash cam footage, preventing Roberts from embellishing Anderson's driving behavior. Thus, allowing Anderson to question Roberts about his compliance with the regulations could have distracted the jury from its actual task to evaluate Anderson's behavior. *Id.* Accordingly, the court did not abuse its discretion in prohibiting Anderson from cross-examining Roberts about the topic.

II. The court properly refused Anderson's proposed jury instructions.

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" *Conley v. Commonwealth*, 74 Va. App. 658, 674-75 (2022) (quoting *Fahringer v.*

*Commonwealth*, 70 Va. App. 208, 211 (2019)). "We review a trial court's decisions in giving and denying requested jury instructions for abuse of discretion." *Holmes v. Commonwealth*, 76 Va. App. 34, 53 (2022) (quoting *Conley*, 74 Va. App. at 675); *see also Coppola v. Commonwealth*, 220 Va. 243, 254 (1979) (finding that it was within the circuit court's discretion to determine the advisability of explaining statutory language).

When reviewing a court's refusal to give a proffered jury instruction, "we view the evidence in the light most favorable to the proponent of the instruction." *Dandridge v. Commonwealth*, 72 Va. App. 669, 676 (2021) (quoting *Lienau v. Commonwealth*, 69 Va. App. 254, 260 (2018), *aff'd upon rehearing en banc*, 69 Va. App. 780 (2019)). But the proponent must "satisfy the trial court that the proposed language is a correct statement of the law, applicable to the facts of the case on trial, and expressed in appropriate language." *Miller v. Commonwealth*, 64 Va. App. 527, 547 (2015) (quoting *Shaikh v. Johnson*, 276 Va. 537, 546 (2008)).

"A statement made in the course of a judicial decision is not necessarily proper language for a jury instruction." *Yeager v. Commonwealth*, 16 Va. App. 761, 766 (1993). As a result, "Virginia courts have often cautioned against lifting the 'language of a specific opinion' for a jury instruction given that an appellate opinion 'is meant to provide a rationale for a decision— and may not translate immutably into jury instructions.'" *Drexel v. Commonwealth*, 80 Va. App. 720, 743 (2024) (quoting *Seaton v. Commonwealth*, 42 Va. App. 739, 753 (2004)).

Here, proposed Instruction A quoted *Bazemore* to define "acting wantonly" in relation to the risk of harm. But the Court in *Bazemore* did not hold that the quote was "proper language for a jury instruction." *Yeager*, 16 Va. App. at 766. And the instruction could have caused the jury to conflate the second element of the offense, which requires showing willful and wanton

conduct, with the third element, which requires demonstrable endangerment.[2]  As a result, Anderson did not convince the court that the instruction was "expressed in appropriate language."  *Miller*, 64 Va. App. at 547.  Anderson's proposed Instruction B also came "directly" from *Bazemore*, but in that case, this Court described "willful and wanton negligence," not "willful and wanton conduct," quoting a civil case.  42 Va. App. at 223 (quoting *Alfonso v. Robinson*, 257 Va. 540, 545 (1999)).  Accordingly, the court reasonably questioned whether the language correctly stated the law applicable to felony eluding.  *Drexel*, 80 Va. App. at 743.  Thus, the court did not abuse its discretion in refusing proposed Instructions A and B.

III.  The evidence was sufficient to convict Anderson of felony eluding.

"When faced with a challenge to the sufficiency of the evidence supporting a criminal conviction, an appellate court is faced with the limited task of determining 'whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *Cuffee v. Commonwealth*, __ Va. __, __ (Apr. 16, 2026) (quoting *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024)).  "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'"  *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680).  Thus, "[i]f there is evidentiary support for the conviction, a trial court's judgment stands."  *Reed v. Commonwealth*, 85 Va. App. 196, 207 (2025).

> Any person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the

---

[2] This was significant because it was a waterfall instruction, telling the jury that if they found the Commonwealth had proved the first and second element, they should find Anderson guilty of disregarding a signal by law-enforcement to stop—a misdemeanor—and if they found the Commonwealth had proved all three elements, then Anderson was guilty of disregarding a signal by law-enforcement with endangerment—a felony.

> law-enforcement vehicle or endanger a person is guilty of a Class 6
> felony.

Code § 46.2-817(B).

Anderson does not dispute that he received a signal to stop or that he continued to drive at a high speed. He argues only that his driving endangered no one. The record does not support that contention.

As used in Code § 46.2-817(B), "endanger" means "to '*expose* to danger, harm, or loss.'" *Williams v. Commonwealth*, 82 Va. App. 639, 655 (2024) (quoting *Coleman v. Commonwealth*, 52 Va. App. 19, 24 (2008)). "Hence, conduct that raises the specter of endangerment is the evil contemplated and proscribed by the statute." *Tucker v. Commonwealth*, 38 Va. App. 343, 347 (2002). "To require the threat to be imminent would engraft an element to the offense, thereby permitting the dangerous operation of motor vehicles until a person is actually imperiled, an absurd result that subverts the salutary purposes of the statute." *Id.* The fact that "the exposure to danger does not result in any actual harm is a welcome fortuity, but not a legal defense." *Coleman*, 52 Va. App. at 24. "The object of the endangerment can be the driver himself, the police officer, or anyone else on the road that could be put at risk from the driver's eluding." *Id.*; *see also Phelps v. Commonwealth*, 275 Va. 139, 142 (2008) ("Because the term 'a person' means any individual human being, the term encompasses the entire universe of people, including the defendant.").

Anderson sped away from Roberts at the gas station, with his tires squealing. On a busy four-lane road where cars were merging into and out of traffic, Anderson exceeded the posted speed limit by more than 30 mph, while driving near a supermarket and a heavily populated area. During that time, he weaved in and out of traffic. The dash cam footage showed numerous other motorists, and even pedestrians, near Anderson as he fled. Anderson's "acts of eluding 'endanger[ed]' any number of 'person[s].'" *Williams*, 82 Va. App. at 656 (alterations in

original).  The mere fortuity that Anderson ultimately did not harm anyone does not minimize his culpability.  *Coleman*, 52 Va. App. at 24.

Anderson contends that speeding alone cannot prove endangerment by citing several cases in which the defendant not only sped but also engaged in a variety of other risky driving.  *See, e.g.*, *Tucker*, 38 Va. App. at 344-45 (defendant sped, drove in the opposite lane of travel, ran a red light, and crashed his vehicle).  But in affirming the convictions in those cases, we merely recited the particular facts which happened to include behavior other than speeding.  *See, e.g.*, *id.* at 347.  None of the cited cases held that speeding alone is insufficient for a felony eluding conviction.  Additionally, the evidence here, including the dash cam footage, permitted the jury to find that Anderson not only sped but rapidly accelerated and swerved in and out of traffic, thereby endangering "himself, the police officer, [and] anyone else on the road."  *Coleman*, 52 Va. App. at 24.  Thus, sufficient evidence supported Anderson's conviction.

CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*